IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JEREMIAH WATERMAN,   )
                     )
      Petitioner,    )
                     )
v.                   )   Case No. 22-CV-0259-GKF-SH
                     )
STEVEN HARPE,        )
                     )
      Respondent.    )

## OPINION AND ORDER

Petitioner Jeremiah Waterman, a self-represented Oklahoma prisoner,[1] brings this action under 28 U.S.C. § 2254, seeking federal habeas relief from the judgments entered against him in the District Court of Delaware County, Case Nos. CF-2018-44 and CF-2018-57. Respondent Steven Harpe moves to dismiss Waterman's petition for writ of habeas corpus, contending Waterman did not file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1), and, in the alternative, that Waterman did not exhaust available state remedies as to some claims before filing the petition, in contravention of 28 U.S.C. § 2254(b)(1). Having considered Waterman's petition (Dkt. 1) and brief in support (Dkt. 9), Harpe's motion to dismiss (Dkt. 13) and brief in support (Dkt. 14), and Waterman's response in opposition to the motion to dismiss (Dkt. 18), the Court grants Harpe's motion and dismisses the petition because one claim fails to state a cognizable habeas claim and two claims are barred by the one-year statute of limitations.

---

[1] Because Waterman appears without counsel, the Court liberally construes his filings, but it does so without assuming the role of his advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

I. **Background**

Represented by counsel, Waterman entered no contest pleas on March 9, 2018, as to two counts of child sexual abuse, in violation of Okla. Stat. tit. 21, § 843.5(E). Dkt. 1, at 1; Dkt. 14-1, at 1-2; Dkt. 14-2, at 1.[2] Waterman did not move to withdraw his pleas within ten days of sentencing or otherwise seek direct review of his convictions and sentences by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA). Dkt. 1, at 2; Dkt. 14-3, at 5-6; Dkt. 14-4, at 5-6; *see Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty). In March 2020, Waterman filed a motion for judicial review, under Okla. Stat. tit. 22, § 982a, and the Delaware County District Court denied the motion. Dkt. 14-5, at 1; Dkt. 14-6, at 1. Over one year later, in June 2021, Waterman applied for postconviction relief, moved to withdraw his pleas, and requested an evidentiary hearing and appointment of counsel. Dkt. 1, at 3; Dkts. 14-7, 14-8, 14-9, 14-10, 14-11. The Delaware County District Court held an evidentiary hearing and denied Waterman's application for postconviction relief in September 2021. Dkts. 14-12, 14-13. Waterman filed a postconviction appeal and, on April 19, 2022, the OCCA affirmed the denial of postconviction relief. Dkt. 1, at 59-60; Dkt. 14-16.

Waterman filed his federal habeas petition on June 13, 2022.[3] Liberally construing the petition and brief in support, the Court discerns that Waterman asserts three claims: (1) the State of Oklahoma improperly exercised criminal jurisdiction, in violation of his Fourteenth Amendment rights to due process and equal protection of the law, because the victims in both of

---

[2] The Court's citations refer to the CM/ECF header pagination.

[3] The Clerk of Court received the petition on June 17, 2022. Dkt. 1, at 1. But Waterman declares, under penalty of perjury, that he delivered the petition to prison officials, using the prison's legal mail system and with postage attached, on June 13, 2022. *Id.* at 15. The Court thus deems the petition filed June 13, 2022. Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

2

his cases were Indian and he committed his crimes in Indian country, Dkt. 1, at 5-8, 16-20, 25-32; Dkt. 9, at 2-26; (2) his plea counsel provided ineffective assistance, in violation of his Sixth Amendment right to counsel, by failing to argue that the State could not prosecute him for crimes committed in Indian country, Dkt. 1, at 5-8, 33-34; Dkt. 9, at 26-28; and (3) someone committed fraud on the court during his state postconviction proceedings, in violation of his Fourteenth Amendment rights to due process and equal protection of the law, by indicating on the state district court's orders denying postconviction relief that Waterman "waived counsel," Dkt. 1, at 8, 35-42; Dkt. 9, at 28-32.

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), state prisoners have one year from the latest of four triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). These events include:

>   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The one-year limitations period runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner shows his or her circumstances implicate § 2244(d)(1)(B), (C), or (D). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

### A. The Applicable Limitation Period

Waterman's judgment became final on March 19, 2018, upon the expiration of the ten-day period to seek withdrawal of his pleas. *See Clayton*, 700 F.3d at 441; Okla. Crim. App. R. 4.2(A). Waterman did not file his federal habeas petition within one year of that date, instead waiting until June 13, 2022, to request habeas relief. Under § 2244(d)(1)(A), the two cognizable habeas claims Waterman asserts in the petition are therefore untimely.[4]

And even a generous construction of Waterman's arguments does not support his suggestion that § 2244(d)(1)(B), (C), or (D) provided him a later commencing one-year limitation period for those claims. Highly summarized, Waterman contends his claims are timely under one of these provisions because: (1) issues of subject matter jurisdiction and "fundamental trial errors (such as those raised)" in the petition can never be waived and can be raised at any time; (2) the State suppressed or withheld evidence, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose the fact that the State does not have jurisdiction to prosecute certain crimes committed in Indian country; (3) his Indian-country jurisdiction claim is based on "newly discovered evidence" that he could not have discovered any sooner through the exercise of reasonable diligence; and (4) his Indian-country jurisdiction claim was not available until the Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and, with the benefit of statutory tolling, he filed his petition "within a year" of the *McGirt* decision. Dkts. 1, 9, 18. But,

---

[4] Waterman's third claim alleges constitutional defects in his state postconviction proceeding and therefore fails to state a cognizable habeas claim. *See Sellers v. Ward*, 135 F.3d 1333, 1335 (10th Cir. 1998) ("[B]ecause the constitutional error [petitioner] raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). Consequently, the Court need not determine whether this claim is timely. *See Prendergast v. Clements*, 699 F.3d 1182, 1186-87 (10th Cir. 2012) (adopting claim-by-claim approach in evaluating timeliness under 28 U.S.C. § 2244(d)(1)); *see also Burks v. Raemisch*, 680 F. App'x 686, 690 (10th Cir. 2017) ("The point of *Prendergast* is that we apply § 2244(d)(1) on a claim-by-claim basis."). Instead, the Court dismisses the petition as to claim three because it fails to state a cognizable habeas claim.

as Harpe contends, federal courts, including this court, have repeatedly rejected these contentions. Dkt. 14, at 14-18 & nn. 8-11; *see Pacheco v. Habti*, 62 F.4th, 1233, 1245 (2023) (stating, "[w]hen Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims," and rejecting petitioner's argument that habeas petition was timely under § 2244(d)(1)(C) because "*McGirt* announced no new constitutional right"); *Owens v. Whitten*, No. 22-5106, 2022 WL 17972141 (10th Cir. Dec. 28, 2022) (unpublished)[5] ("As this court's recent decisions make clear, *McGirt*'s focus on a question of federal-versus-state jurisdiction does not alter the conclusion that the one-year limitations period set out in § 2244(d)(1)(A), rather than the ones set out in § 2244(D)(1)(C) and/or (D), applies to *McGirt*-based challenges to the validity of state convictions."), *cert. denied* No. 22-6796, 2023 WL 2959460 (U.S. April 17, 2023); *Greene v. Nunn*, 606 F. Supp. 3d 1108, 1115 (2022) (noting this court's previous rejection of "the proposition that the factual predicate of an Indian-country jurisdiction[] claim could not be discovered, with reasonable diligence, before *McGirt*" and rejecting petitioner's argument that habeas petition was timely under § 2244(d)(1)(D)); *Donahue v. Harding*, No. CIV-21-183-PRW, 2021 WL 4714662, at *4 (W.D. Okla. Sept. 15, 2021) (unpublished), *report and recommendation adopted*, No. CIV-21-00183-PRW, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (unpublished) (concluding that § 2244(d)(1)(B) is not applicable to extend the start date of AEDPA's statute of limitations to the date that *McGirt* was decided" and reasoning that "Oklahoma's pre-*McGirt* interpretation of what "Indian Country" means did not necessarily prevent [p]etitioner from obtaining timely habeas relief").

Thus, § 2244(d)(1)(A) provides the applicable one-year limitation period. And, applying § 2244(d)(1)(A), Waterman's convictions became final on March 19, 2018, his limitation period

---

[5] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

commenced the next day, and his limitation period expired on March 20, 2019. *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011); *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003). Absent statutory or equitable tolling of, or an equitable exception to, the one-year limitation period, the Indian-country jurisdiction claim, and the ineffective-assistance-of-plea-counsel claim based on that claim, as asserted in the petition filed June 13, 2022, are untimely.

      **B.**      **Statutory and Equitable Tolling and *Perkins*'s Equitable Exception**

Under 28 U.S.C. § 2244(d)(2), the limitation period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." This statutory tolling provision, however, does not apply to applications for postconviction relief or other collateral review filed beyond the one-year limitation period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Waterman is not entitled to statutory tolling because he did not begin seeking collateral review of his convictions in state court until March 10, 2020, nearly one year after his one-year limitation period expired. Dkt. 14-6.

Nor has he shown that he is entitled to equitable tolling of the one-year limitation period. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (alteration and internal quotation marks omitted)). Waterman asserts that equitable tolling is appropriate here because the State allegedly failed to provide Waterman a copy of his written confession and, had he "been 'made aware' of the law, and *Brady* material the state will not supply [him] with[,] [f]or instance this written statement (*Brady* Material) that state officer swore in his affidavit that [Waterman] wrote, which

6

was used to obtain a conviction," the written confession might show "proof of diminished capacity, coercion, violation of *Miranda* rights, involuntariness, threats of violence, entrapment, illicitations [sic], and or violations of other constitutional rights." Dkt. 18, at 25-26.  Even assuming the State failed to provide Waterman a copy of his written confession, Waterman does not explain how his written confession would have been favorable to his defense given that he pleaded no contest to the charges against him while represented by counsel.  *See Brady*, 373 U.S. at 87 (holding "that the suppression by the prosecution of evidence *favorable* to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution" (emphasis added)).  More importantly, Waterman does not explain how the State's alleged failure to provide him a copy of his written confession, in 2018, prevented him from filing timely claims asserting that the State wrongly prosecuted him for crimes he committed in Indian country and that his plea counsel ineffectively failed to raise the Indian-country jurisdiction claim.  Thus, equity does not favor tolling of the limitation period.

Lastly, Waterman has not shown that the equitable exception to the one-year limitation period first recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013) excuses the untimeliness of his petition.  *Perkins* held that a credible claim of actual innocence serves as a gateway that permits a habeas court to review otherwise untimely constitutional claims.  569 U.S. at 386.  "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'"  *Pacheco*, 62 F.4th at 1241 (quoting *Taylor v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)).  Waterman appears to argue that he is innocent of the crimes for which he was convicted on his pleas of no contest because, under *McGirt*'s reasoning, he should have been prosecuted in federal court.  Even assuming the facts alleged in the petition support a claim that the State of Oklahoma improperly exercised

7

jurisdiction over Waterman,[6] this does not present a credible claim of actual innocence that would excuse Waterman's untimely petition. *See Pacheco*, 62 F.4th at 1244-45 (rejecting petitioner's argument "that the factual-innocence gateway is available when one has been convicted by the wrong jurisdiction" and reasoning that petitioner's "actual-innocence claim is not based on evidence regarding what she did, but on where she did it"). Like the petitioner in *Pacheco*, Waterman does not allege that he did not commit the facts necessary to show that he committed child sexual abuse, he merely argues that the State could not prosecute him because he committed those unlawful acts in Indian country against Indian victims. That does not suffice to invoke the actual-innocence exception.

## III.   Conclusion

Based on the foregoing, the Court grants Harpe's motion and dismisses the petition because claim one fails to state a cognizable habeas claim and claims two and three are barred by the one-year statute of limitations. In addition, the Court declines to issue a certificate of appealability because no reasonable jurists would debate the procedural dismissal of Waterman's claims on these grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

---

[6] This is an admittedly generous assumption. As Harpe contends, Waterman's Indian-country jurisdiction claim—and the related ineffective-assistance-of-counsel claim—lack merit based on the Supreme Court's decision in *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022). Significantly, the state district court's findings show only that the victims of Waterman's crimes are Indian, not that Waterman is Indian. Dkt. 14-3, at 8; Dkt. 14-12, at 1; Dkt. 14-13, at 1; *see Castro-Huerta*, 142 S. Ct. at 2504-05 (holding that "the Federal Government and the State [of Oklahoma] have concurrent jurisdiction to prosecute crimes committed by non-Indians against Indians in Indian country"). Thus, even if Waterman could rely on his apparent assertions that the State acted in bad faith to obtain his convictions as a basis to open the actual-innocence gateway, this Court would deny on the merits his Indian-country jurisdiction claim and his claim that plea counsel should have challenged the State's allegedly improper exercise of prosecutorial authority. *See Pacheco*, 62 F.4th at 1245-46 ("We leave for another day whether a bad-faith arrogation of sovereignty to prosecute a particular person could be ground for excusing a procedural default in a habeas case.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The motion to dismiss (Dkt. 13) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed**.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 22nd day of May 2023.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE